IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WEIR & PARTNERS, LLP** : | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **JAFFA STEIN,** | : | |
| Defendant | : | No. 06-1361 |

Gene E.K. Pratter, J.          Memorandum and Order          March 20, 2007

Plaintiff Weir & Partners, LLP moves for summary judgment in its dispute with Jaffa Stein, a former client, over unpaid legal fees. On or about December 9, 2003, Ms. Stein retained Weir & Partners to represent her in litigation pending in Superior Court in New Jersey.[1] Through the course of representing Ms. Stein, Weir & Partners performed services generating legal fees and costs totaling $260,173.23. Ms. Stein paid Weir & Partners $20,500.00. Weir & Partners asserts claims under Pennsylvania law, including breach of contract and unjust enrichment, and seeks a judgment of damages against Ms. Stein in the amount of $239,673.23, plus interest. Defendant Jaffa Stein did not oppose Weir & Partners' Motion for Summary Judgment. The Court will grant the Motion.

**DISCUSSION**

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a), in that Weir & Partners is a limited liability partnership organized under the laws of the Commonwealth of Pennsylvania, Ms. Stein is citizen of the state of New Jersey, and the amount in controversy exceeds the $75,000 jurisdictional minimum.

---

[1] Braverman Daniels Kaskey, LTD. v. Jaffa F. Stein, Esquire, No. C-174-03 (N.J. Super. Ct. Ch. Div.)

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

In her Answer to Weir & Partners' Complaint, Ms. Stein admitted the following:

1. Ms. Stein hired Weir & Partners on or around December 9, 2003. Answer ¶ 5.

    2.        Ms. Stein entered into an agreement with Weir & Partners, under the terms of which Weir & Partners agreed to provide legal services to her, and she agreed to pay Weir & Partners its customary and usual fees for the services performed and all costs incurred on her behalf in connection with the engagement.  Answer ¶ 6.

In her response to the Rule 36(a)[2] Requests for Admissions and Interrogatories, Ms. Stein admitted that:

1. During the course of the legal representation by Weir & Partners, Ms. Stein received monthly invoices detailing the services which had been rendered and the costs incurred on her behalf.  Def. Admis. ¶ 1.

2. Ms. Stein identified the copies of these invoices provided during discovery as true and accurate copies.  Def. Admis. ¶ 2.

3. Ms. Stein admitted that the invoices she received set forth the initials of the attorneys performing the services, the amount of time the attorney dedicated to performing such services, and the rate at which the attorney was billed, along with a brief description of the services performed.  Def. Admis. ¶ 4.

4. Ms. Stein admitted that the invoices she received were true and correct statements of the services being performed by Weir & Partners and the costs associated with performance of those services. Def. Admis. ¶ 5.

5. Ms. Stein admitted that during the period that Weir & Partners was providing services for her, she did not alert Weir & Partners in writing about any dissatisfaction with any services rendered.  Def. Admis. ¶ 6.

6. Ms. Stein admits that the total amount billed to her for services performed and costs expended by Weir & Partners on her behalf was $260,173.23.  Def. Admis. ¶ 7.

7. Ms. Stein admits that she paid Weir & Partners a total of $20,500.00. Def. Admis. ¶ 8.

8. Ms. Stein admits that during the course of Weir & Partners' legal representation

---

[2] Rule 36(a) of the Federal Rules of Civil Procedure provide that a party may serve on another party "a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed. R. Civ. P. 36(a).

of her, she received telephone calls and written communications from Weir & Partners to inform her of the status of the services performed. Def. Admis. ¶ 8.

Ms. Stein made these statements listed above during the course of this litigation.[3] They constitute judicial admissions. See Fed. R. Civ. P. 8(d) "("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."); Fed. R. Civ. P. 36(b) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."). Weir & Partners submitted to the Court the documents that contain these judicial admissions, making them part of the record before the Court.

Ms. Stein admits that she retained Weir & Partners, admits that she entered into an agreement with Weir & Partners for the provision of legal services and the corresponding payment for those services, admits that Weir & Partners provided such services, and admits that she was billed in due course for the services. Each of Ms. Stein's admissions in this case is an "unassailable statement of fact that narrows the triable issues in the case." Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund, 850 F.2d 1028, 1037 (3d Cir. 1988). Ms. Stein did not oppose Weir & Partners' Motion for Summary Judgment and, therefore, did not contest these admissions, much less offer any contrary information.

Because the pleadings and "admissions on file" show that there is no genuine issue of material fact, Weir & Partners is entitled to summary judgment as a matter of law. Fed. R. Civ.

---

[3] During discovery, Ms. Stein claimed that she told Weir & Partners that the invoices she had received were inflated due to double billing of multiple attorneys. Def. Admis. ¶ 3. She also denied that the total amount she owed Weir & Partners was $239,673.23, plus interest, because she argued that the services provided by Weir & Partners were not of the value for which they were charged. Def. Admis. ¶ 9. With respect to this second point, Ms. Stein cited one example of poor advice she received from Weir & Partners during their representation of her.

P. 56(c). Therefore, Weir & Partners' Motion for Summary Judgment will be granted. Because Ms. Stein admits to being billed $260,173.23, and admits to paying Weir & Partners $20,500.00, the Court finds that Weir & Partners is entitled to a judgment in the amount of $239,673.23, plus interest. An appropriate Order follows.

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge

March 20, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WEIR & PARTNERS, LLP** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **JAFFA STEIN,** | : | |
| Defendant | : | No. 06-1361 |

## O R D E R

**AND NOW**, this 20th day of March, 2007, upon consideration of Plaintiff Weir & Partners, LLP's Motion for Summary Judgment (Docket No. 16), which the Defendant did not oppose, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment (Docket No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Weir & Partners, LLP and against Jaffa Stein in the amount of $239,673.23, plus interest. The Clerk of the Court is instructed to mark this case as **CLOSED** for all purposes, including statistics.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge